IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., d/b/a CMS TECHNOLOGIES and CHRIMAR HOLDING COMPANY, LLC,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ANIXTER INC.<br><br>　　　　Defendant. | Civil Action No. 6:18-cv-00248-JRG-JDL<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ANIXTER INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Anixter Inc. ("Anixter" or "Defendant") hereby submits its Answer and Affirmative Defenses to Chrimar Systems, Inc. d/b/a CMS Technologies and Chrimar Holding Company, LLC's (collectively "Chrimar" or "Plaintiffs") Complaint for Patent Infringement ("Complaint"). Anixter denies that it has directly or indirect infringed U.S. Patents Nos. 8,942,107, 9,812,825, 8,902,760, and 9,019,838 and denies that the patents are valid. Anixter responds as follows:

**NATURE OF THE ACTION**

1. Anixter admits that this purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. Except as expressly admitted, Anixter denies the allegations in Paragraph 1 of the Complaint.

**PARTIES**

2. Anixter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Anixter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4. Anixter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint and therefore denies them.

5. Anixter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Anixter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7. Anixter admits that it is a Delaware corporation having a place of business at 2301 Patriot Blvd, Glenview, IL 60026-8020, and can be served through its registered agent, Corporation Service Company D/B/A CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.  Except as expressly admitted, Anixter denies the allegations in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Anixter admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Anixter denies the allegations in Paragraph 8 of the Complaint.

9. For purposes of this action, and this action only, Anixter admits that personal jurisdiction exists in the Eastern District of Texas.  Except as expressly admitted, Anixter denies the allegations in Paragraph 9 of the Complaint.

10. For purposes of this action, and this action only, Anixter admits that personal jurisdiction exists in the Eastern District of Texas.  Except as expressly admitted, Anixter denies the allegations in Paragraph 10 of the Complaint.

11. For purposes of this action, and this action only, Anixter admits that personal jurisdiction exists in the Eastern District of Texas.  Except as expressly admitted, Anixter denies the allegations in Paragraph 11 of the Complaint.

12. For purposes of this action, and this action only, Anixter admits that personal jurisdiction exists in the Eastern District of Texas. Except as expressly admitted, Anixter denies the allegations in Paragraph 12 of the Complaint.

**PATENTS-IN-SUIT**

13. Anixter admits that U.S. Patent No. 8,942,107 ("the '107 Patent") is titled "Piece of Ethernet Terminal Equipment." Anixter admits that Exhibit A to the Plaintiff's Complaint appears to be a copy of the '107 Patent. Anixter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13 of the Complaint and therefore denies them.

14. Anixter denies the allegations of Paragraph 14 of the Complaint.

15. Anixter admits that U.S. Patent No. 9,812,825 ("the '825 Patent") is titled "Ethernet Device." Anixter admits that Exhibit B to the Plaintiff's Complaint appears to be a copy of the '825 Patent. Anixter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 of the Complaint and therefore denies them

16. Anixter denies the allegations of Paragraph 16 of the Complaint.

17. Anixter admits that U.S. Patent No. 8,902,760 ("the '760 Patent") is titled "Network System and Optional Tethers." Anixter admits that Exhibit C to the Plaintiff's Complaint appears to be a copy of the '760 Patent. Anixter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 of the Complaint and therefore denies them.

18. Anixter denies the allegations of Paragraph 18 of the Complaint.

19. Anixter admits that U.S. Patent No. 9,019,838 ("the '838 Patent") is titled "Central Piece of Network Equipment." Anixter admits that Exhibit D to the Plaintiff's

Complaint appears to be a copy of the '838 Patent. Anixter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore denies them.

20. Anixter denies the allegations of Paragraph 20 of the Complaint.

21. Anixter admits that the Complaint purports to collectively refer to the '107, '825, '760, and '838 Patents as the "Patents-in-Suit." Except as expressly admitted, Anixter denies the allegations in Paragraph 21 of the Complaint.

22. Anixter denies the allegations of Paragraph 22 of the Complaint.

## ACCUSED PRODUCTS

23. Anixter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint and therefore denies them.

24. Anixter admits that may have sold products from one or more of Ascendance Wireless, Inc.; Atlas Sound; Atlona Technologies; Axis Communications; Azco Technologies; Bluewave Security; Bolide Technology Group; Bosch Security Systems; Comnet Communication Networks; Compulan View Technologies; Etherwan Systems; Flir; Geovision; Hikvision; 13 DVR International, Inc.; IC Realtime LLC; Inaxsys-ICT Security Systems; Ingram Micro (Ubiquiti Networks); Inova Solutions; Louroe Electronics; Luxul Wireless; Messoa Technologies; On-Q/Legrand; Openeye; OT Systems; Panduit; Pelco (Schneider Electric Co.); PoE Technologies; Samsung Techwin; Seco-Larm USA, Inc.; Security Door Controls (SDC Security); Toshiba; Verint Video Solutions, Inc.; Vicon Industries, Inc., Vitek Industral Video Product; Weldex Corporation; and Xtralis and that the Complaint purports to identify such products as "Accused PD Products." Anixter denies that any of the products identified by Chrimar infringe the Patents-in-Suit. Anixter is without knowledge or information sufficient to

4

form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, and on that basis denies the allegations in Paragraph 24 of the Complaint.

25. Anixter admits that it may have sold products from one or more AESP, Inc.; Altronix; American Fibertek; Antaira Technologies; Ascendance Wireless, Inc.; Atlona Technologies; Axis Communications; Azco Technologies; BSD Networks; CBC (America) Corp; Comnet Communications Networks; Etherwan Systems; Flir; Geovision; Hikvision; 13 DVR International, Inc.; IC Realtime LLC; Inaxsys-ICT Security Systems; Ingram Micro (Ubiquiti Networks); Interlogix (United Technologies); KBC Networks; Lan Power Systems; Luxul Wireless; Meridian Technologies; On-Q/Legrand; Openeye; OT Systems; Panduit; (P3) Preferred Power Products; Razberi Technologies; Speco Technologies; Veracity; Vigitron, Inc.; Vitek Industrial Video Product; Vivotek; and Zyxel Communications, Inc. and that the Complaint purports to identify such products as "Accused PSE Products." Anixter denies that any of the products identified by Chrimar infringe the Patents-in-Suit. Anixter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint, and on that basis denies the allegations in Paragraph 25 of the Complaint.

26. Anixter admits that the Complaint purports to identify certain of Anixter's products as "Accused Products." Anixter admits that it sells products throughout the United States, including in this District, but denies that any of its products infringe the Patents-in-Suit, and denies any remaining allegations of Paragraph 26 of the Complaint.

27. Anixter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and on that basis denies the allegations in Paragraph 27 of the Complaint.

28. Anixter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and on that basis denies the allegations in Paragraph 28 of the Complaint.

## COUNT I
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,942,107

29. Anixter refers to and incorporates herein its responses to Paragraphs 1-28 of the Complaint.

30. Anixter denies the allegations of Paragraph 30 of the Complaint.

31. Anixter denies the allegations of Paragraph 31 of the Complaint.

32. Anixter denies the allegations of Paragraph 32 of the Complaint.

33. Anixter denies the allegations of Paragraph 33 of the Complaint.

34. Anixter denies the allegations of Paragraph 34 of the Complaint.

35. Anixter denies the allegations of Paragraph 35 of the Complaint.

36. Anixter denies the allegations of Paragraph 36 of the Complaint.

37. Anixter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and on that basis denies the allegations in Paragraph 37 of the Complaint.

38. Anixter denies the allegations of Paragraph 38 of the Complaint.

39. Anixter denies the allegations of Paragraph 39 of the Complaint.

40. Anixter denies the allegations of Paragraph 40 of the Complaint.

41. Anixter denies the allegations of Paragraph 41 of the Complaint.

42. Anixter denies the allegations of Paragraph 42 of the Complaint.

43. Anixter denies the allegations of Paragraph 43 of the Complaint.

44. Anixter denies the allegations of Paragraph 44 of the Complaint.

45. Anixter denies the allegations of Paragraph 45 of the Complaint.

46. Anixter has been aware of the '107 Patent at least as of the date it received Plaintiff's Complaint.

47. Anixter denies the allegations of Paragraph 47 of the Complaint.

48. Anixter denies the allegations of Paragraph 48 of the Complaint.

49. Anixter denies the allegations of Paragraph 49 of the Complaint.

50. Anixter denies the allegations of Paragraph 50 of the Complaint.

## COUNT II
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,812,825

51. Anixter refers to and incorporates herein its responses to Paragraphs 1-50.

52. Anixter denies the allegations of Paragraph 52 of the Complaint.

53. Anixter denies the allegations of Paragraph 53 of the Complaint.

54. Anixter denies the allegations of Paragraph 54 of the Complaint.

55. Anixter denies the allegations of Paragraph 55 of the Complaint.

56. Anixter denies the allegations of Paragraph 56 of the Complaint.

57. Anixter denies the allegations of Paragraph 57 of the Complaint.

58. Anixter denies the allegations of Paragraph 58 of the Complaint.

59. Anixter denies the allegations of Paragraph 59 of the Complaint.

60. Anixter denies the allegations of Paragraph 60 of the Complaint.

61. Anixter denies the allegations of Paragraph 61 of the Complaint.

62. Anixter denies the allegations of Paragraph 62 of the Complaint.

63. Anixter denies the allegations of Paragraph 63 of the Complaint.

64. Anixter denies the allegations of Paragraph 64 of the Complaint.

65. Anixter denies the allegations of Paragraph 65 of the Complaint.

66. Anixter denies the allegations of Paragraph 66 of the Complaint.

67. Anixter denies the allegations of Paragraph 67 of the Complaint.

68. Anixter denies the allegations of Paragraph 68 of the Complaint.

69. Anixter denies the allegations of Paragraph 69 of the Complaint.

70. Anixter denies the allegations of Paragraph 70 of the Complaint.

71. Anixter denies the allegations of Paragraph 71 of the Complaint.

72. Anixter denies the allegations of Paragraph 72 of the Complaint.

73. Anixter denies the allegations of Paragraph 73 of the Complaint.

74. Anixter denies the allegations of Paragraph 74 of the Complaint.

75. Anixter denies the allegations of Paragraph 75 of the Complaint.

76. Anixter denies the allegations of Paragraph 76 of the Complaint.

77. Anixter denies the allegations of Paragraph 77 of the Complaint.

78. Anixter denies the allegations of Paragraph 78 of the Complaint.

79. Anixter denies the allegations of Paragraph 79 of the Complaint.

80. Anixter denies the allegations of Paragraph 80 of the Complaint.

81. Anixter denies the allegations of Paragraph 81 of the Complaint.

82. Anixter has been aware of the '825 Patent at least as of the date it received Plaintiff's Complaint.

83. Anixter denies the allegations of Paragraph 83 of the Complaint.

84. Anixter denies the allegations of Paragraph 84 of the Complaint.

85. Anixter denies the allegations of Paragraph 85 of the Complaint.

86. Anixter denies the allegations of Paragraph 86 of the Complaint.

## COUNT III
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,902,760

87. Anixter refers to and incorporates herein its responses to Paragraphs 1-86.

88. Anixter denies the allegations of Paragraph 88 of the Complaint.

89. Anixter denies the allegations of Paragraph 89 of the Complaint.

90. Anixter denies the allegations of Paragraph 90 of the Complaint.

91. Anixter denies the allegations of Paragraph 91 of the Complaint.

92. Anixter denies the allegations of Paragraph 92 of the Complaint.

93. Anixter denies the allegations of Paragraph 93 of the Complaint.

94. Anixter denies the allegations of Paragraph 94 of the Complaint.

95. Anixter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint, and on that basis denies the allegations in Paragraph 95 of the Complaint.

96. Anixter denies the allegations of Paragraph 96 of the Complaint.

97. Anixter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint, and on that basis denies the allegations in Paragraph 97 of the Complaint.

98. Anixter denies the allegations of Paragraph 98 of the Complaint.

99. Anixter denies the allegations of Paragraph 99 of the Complaint.

100. Anixter denies the allegations of Paragraph 100 of the Complaint.

101. Anixter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint, and on that basis denies the allegations in Paragraph 101 of the Complaint.

102. Anixter denies the allegations of Paragraph 102 of the Complaint.

103. Anixter denies the allegations of Paragraph 103 of the Complaint.

104. Anixter denies the allegations of Paragraph 104 of the Complaint.

105. Anixter denies the allegations of Paragraph 105 of the Complaint.

106. Anixter denies the allegations of Paragraph 106 of the Complaint.

107. Anixter has been aware of the '760 Patent at least as of the date it received Plaintiff's Complaint.

108. Anixter denies the allegations of Paragraph 108 of the Complaint.

109. Anixter denies the allegations of Paragraph 109 of the Complaint.

110. Anixter denies the allegations of Paragraph 110 of the Complaint.

111. Anixter denies the allegations of Paragraph 111 of the Complaint.

## COUNT IV
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,019,838

112. Anixter refers to and incorporates herein its responses to Paragraphs 1-111.

113. Anixter denies the allegations of Paragraph 113 of the Complaint.

114. Anixter denies the allegations of Paragraph 114 of the Complaint.

115. Anixter denies the allegations of Paragraph 115 of the Complaint.

116. Anixter denies the allegations of Paragraph 116 of the Complaint.

117. Anixter denies the allegations of Paragraph 117 of the Complaint.

118. Anixter denies the allegations of Paragraph 118 of the Complaint.

119. Anixter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint, and on that basis denies the allegations in Paragraph 119 of the Complaint.

120. Anixter denies the allegations of Paragraph 120 of the Complaint.

121. Anixter denies the allegations of Paragraph 121 of the Complaint.

122. Anixter denies the allegations of Paragraph 122 of the Complaint.

123. Anixter has been aware of the '838 Patent at least as of the date it received Plaintiff's Complaint.

124. Anixter denies the allegations of Paragraph 124 of the Complaint.

125. Anixter denies the allegations of Paragraph 125 of the Complaint.

126. Anixter denies the allegations of Paragraph 126 of the Complaint.

127. Anixter denies the allegations of Paragraph 127 of the Complaint.

## APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

128. Anixter refers to and incorporates herein its responses to Paragraphs 1-127.

129. Anixter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint, and on that basis denies the allegations in Paragraph 129 of the Complaint.

130. Anixter denies the allegations of Paragraph 130 of the Complaint.

131. Anixter denies the allegations of Paragraph 131 of the Complaint.

132. Anixter denies the allegations of Paragraph 132 of the Complaint.

133. Anixter denies the allegations of Paragraph 133 of the Complaint.

134. Anixter denies the allegations of Paragraph 134 of the Complaint.

135. Anixter denies the allegations of Paragraph 135 of the Complaint.

## ADDITIONAL ALLEGATIONS

136. Anixter is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint, and on that basis denies the allegations in Paragraph 136 of the Complaint.

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

137. Paragraph 137 of the Complaint requires no response. To the extent a response is required, Anixter denies the allegations of Paragraph 137 of the Complaint.

138. Paragraph 138 of the Complaint requires no response. To the extent a response is required, Anixter denies the allegations of Paragraph 138 of the Complaint.

139. Paragraph 139 of the Complaint requires no response. To the extent a response is required, Anixter denies the allegations of Paragraph 139 of the Complaint.

## JURY DEMAND

140. Anixter acknowledges that Chrimar has requested trial by jury.

## PRAYER FOR RELIEF

141. Anixter denies any and all allegations contained in the remainder of the Complaint and denies that Chrimar is entitled to any of the relief requested in Paragraphs (A) through (G) of its Prayer for Relief or to any relief in any form whatsoever from Anixter.

## GENERAL DENIAL

142. Anixter further denies each and every allegation in the Complaint to which it has not specifically admitted, denied, or otherwise responded in this Answer and Affirmative Defenses to Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

143. Anixter reserves the right to later request the addition of, or assert claims against, third parties. Without admitting or acknowledging that it bears the burden of proof as to any of them, Anixter asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available:

## FIRST DEFENSE
(Failure to State a Claim)

144. The Complaint fails to state a claim upon which relief may be granted and fails to plead the allegations with sufficient particularity.

## SECOND DEFENSE
(Non-Infringement)

145. Anixter does not infringe and has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any properly construed, valid, and/or enforceable claim of the Patents-in-Suit, willfully or otherwise.

## THIRD DEFENSE
(Invalidity)

146. The claims of the Patents-in-Suit are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE
(Estoppel)

147. By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Patents-in-Suit, the Patents-in-Suit are so limited that none of their claims may be properly construed as covering any activity of Anixter.

## FIFTH DEFENSE
(Limitation on Damages/Costs Barred)

148. Chrimar's claims for relief and its request for damages are limited by 35 U.S.C. §§ 286 and 287. Chrimar's recovery of costs is also barred and/or limited under 35 U.S.C. § 288.

## SIXTH DEFENSE
(License and Patent Exhaustion)

149. Chrimar's claims are barred to the extent that one or more of the Anixter products accused of infringement are subject to any license to the Patents-in-Suit, including under the doctrines of express license, implied license, or patent exhaustion.

## SEVENTH DEFENSE
(No Injunction)

150. Chrimar is not entitled to injunctive relief because any alleged injury to Chrimar is not immediate or irreparable, and Chrimar has an adequate remedy at law for any alleged injury.

## EIGHTH DEFENSE
(No Willful Infringement)

151. Anixter has not and does not willfully infringe any properly construed, valid, enforceable claim of the Patents-in-Suit, and has not and is not committing any acts supporting an exceptional case claim.

## NINTH DEFENSE
(Waiver, Consent, Unclean Hands, Laches and/or Estoppel)

152. Chrimar's claims against Anixter are barred in whole or in part by the doctrines of waiver, consent, unclean hands, laches and/or estoppel.

## OTHER DEFENSES RESERVED

Anixter reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or inequity, that may be available now or in the future based on discovery and any other factual investigation in this case.

Dated: August 23, 2018　　　　　　　　　　Respectfully submitted.

　　　　　　　　　　　　　　　　　　　*/s/ Thomas N. Tarnay*
　　　　　　　　　　　　　　　　　　　THOMAS N. TARNAY
　　　　　　　　　　　　　　　　　　　Texas Bar No. 24003032
　　　　　　　　　　　　　　　　　　　ttarnay@sidley.com
　　　　　　　　　　　　　　　　　　　Tung T. Nguyen
　　　　　　　　　　　　　　　　　　　Texas Bar No. 24007745
　　　　　　　　　　　　　　　　　　　tnguyen@sidley.com
　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　2021 McKinney Ave, Ste. 2000
　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201

　　　　　　　　　　　　　　　　　　　**Counsel for Anixter Inc.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 23, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Thomas N. Tarnay*_____